SAMUEL OSHER *vs*. LEON FRANGEDAKIS.

York County.    Decided August 13, 1934.    The facts bearing upon this case were briefly these: A leasehold estate, thirteen years of the term of which were unexpired, was assigned, on June 20, 1931, for the three years next to ensue. A later stipulation, that the discharge, before the expiration of that time, of the promissory note, to secure which the assignment had been given, would operate to cancel the latter, is not now of importance. The assignor (primary lessee) continued to live in rooms over a store building on the premises. He sublet one of the stores to the defendant, for one year from May 27, 1932, in consideration of a return of rent of eight hundred and fifty dollars, in four instalments. For the recovery of the last successive portion, when it became due and payable, the assignee of the three-year term brought against the subtenant an action of assumpsit. The declaration alleged, in effect, that though in creating the defendant's estate, an agent had subscribed the sublease in his own name, and under his own seal, plaintiff was principal, and sole granting party in interest. Defendant pleaded the general issue. There was joinder in issue. In the course of the trial, at which plaintiff gained the verdict, defendant noted four exceptions.

The exceptions do not raise any question of a distinction between sealed and unsealed instruments, or if the principal can sue on a contract under seal to which he is not a party, or if action thereon should be in the name of the agent. Exceptions go only, in their order, to the admission into the evidence of: (a) a carbon copy of a writing, testified, on proof of the loss of the original, true and correct, except for the absence of signature, an omission which could have been found to have been cured by testimony; (b) a written agreement, entered into between assignor and assignee, subsequent to the date of the assignment, defining that, should the assignor fail to perform specified duties or obligations, any nonperformance would accelerate the time for the payment of the note, and make the assignment "permanent"; (c) of the record of a judgment against the demised property, as for lien, and the transfer thereof to the plaintiff; (d) of the assignment itself. Objection to the latter was that of a mere personal right, not recover-

able by a suit at law unless on filing the document, or a copy, with the writ. R. S., Chap. 96, Sec. 154.

The case presents ordinary questions of law, respecting which decision travels with confidence and ease upon a highway of familiar precedent.

On the theory of the trial, the evidence offered and admitted either had to do with the issues, or was not vitally harmful to the exceptor. Exceptions overruled. *Wesley Mewer*, for plaintiff. *Nicholas Harithas*, for defendant.